1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11  PATRICIA R.,[1]

Case No. 2:19-cv-07112-MAA

12                          Plaintiff,

**MEMORANDUM DECISION AND**
13                                              **ORDER AFFIRMING DECISION OF**
        v.                                      **THE COMMISSIONER**
14

15  ANDREW M. SAUL,
     Commissioner of Social Security,
16
                            Defendant.
17

18

19      On August 15, 2019, Plaintiff filed a Complaint seeking review of the Social

20  Security Commissioner's final decision denying her application for a period of

21  disability and disability insurance benefits pursuant to Title II of the Social Security

22  Act.  This matter is fully briefed and ready for decision.  For the reasons discussed

23  below, the Commissioner's final decision is affirmed, and this action is dismissed

24  with prejudice.

25

26  [1]  Plaintiff's name is partially redacted in accordance with Federal Rule of Civil
     Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court
27  Administration and Case Management of the Judicial Conference of the United
     States.
28

**PROCEDURAL HISTORY**

On August 16, 2016, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging disability beginning on November 7, 2014.  (Administrative Record [AR] 16, 166-71.)  Plaintiff alleged disability due to auto immune disease, immune deficiency, chronic migraines, blood coagulation defect, hypothyroidism, and vertigo.  (AR 68-69, 87-88.)  After her application was denied initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 16, 116-17.)  At a hearing held on September 13, 2018, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert.  (AR 40-67.)

In a decision issued on December 19, 2018, the ALJ denied Plaintiff's claim after making the following findings pursuant to the Commissioner's five-step evaluation.  (AR 16-26.)  Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of November 7, 2014.  (AR 19.)  She had severe impairments consisting of vertigo, hypothyroidism, obesity, and hypertension.  (*Id*.)  She did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments.  (AR 22-23.)  She had a residual functional capacity ("RFC") for sedentary work with further limitations.  (AR 23.)  Plaintiff was able to perform her past relevant work as a legal assistant, president, and bookkeeper.  (AR 25.)  In sum, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.  (AR 26.)

Plaintiff requested review by the Appeals Council and submitted additional evidence.  (AR 2, 32-39.)  On June 26, 2019, the Appeals Council denied Plaintiff's request for review.  (AR 1-4.)  Thus, the ALJ's decision became the final decision of the Commissioner.

///

///

**DISPUTED ISSUE**

The parties' disputed issue involves the alleged "failure of the [ALJ] to address [Natural Killer] Cell Deficiency and resulting migraines as severe impairments, or as impairments at all.  The Decision is silent as to the existence or effects of these documented conditions which render her incapable of suitable activity or employment."

(Parties' Joint Stipulation ["Joint Stip."] at 3.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Lingenfelter*, 504 F.3d at 1035.  Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

**I.    Legal Standard.**

Step two of the Commissioner's five-step evaluation requires the ALJ to determine whether an impairment is severe or not severe.  *See* 20 C.F.R.

§ 404.1520(a).  The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe."  An impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities.  *See* 20 C.F.R. § 404.1520(c).  In other words, an impairment is not severe "when medical evidence establishes only a slight abnormality or combination of slight abnormalities which would have *no more than a minimal effect* on an individual's ability to work."  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (emphasis in original).

Step two involves "a de minimis screening device to dispose of groundless claims."  *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see also Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).  A finding of non-severity at step two must be "clearly established by medical evidence."  *See Webb*, 433 F.3d at 687.  If a claimant meets her evidentiary burden under step two's de minimis standard, an ALJ "*must* find that the impairment is 'severe' and move to the next step" in the five-step evaluation.  *See Edlund v. Massanari*, 253 F.3d 1152, 1160 (9th Cir. 2001) (emphasis in original).

However, an ALJ's failure to include all of a claimant's severe impairments at step two, by itself, is not reversible error if step two otherwise is resolved in the claimant's favor.  *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).  If the ALJ does resolve step two in the claimant's favor, the only relevant question is whether the ALJ's analysis, particularly the RFC determination, otherwise properly accounts for all of the claimant's limitations.  *See id*. at 1049; *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ's failure to consider bursitis at step two was harmless error where the ALJ accounted for bursitis at step four); *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005) (ALJ's failure to consider obesity at step two was harmless error where the ALJ adequately considered obesity in the RFC determination).

///

**II.   Analysis.**

Here, step two was resolved in Plaintiff's favor.  (AR 19.)  Thus, the relevant question is not whether the ALJ's step two determination by itself was reversible error, but whether the ALJ properly assessed the limitations attributable to Plaintiff's natural killer cell deficiency and migraine headaches.

**A.   Natural Killer Cell Deficiency.**

The first impairment that Plaintiff contends the ALJ failed to assess properly is her natural killer cell deficiency.  (Joint Stip. at 5.)  The record describes this impairment as follows:  "Natural killer (NK) cells, a component of the cell-mediated arm of the immune system, mediate destruction of some types of tumor cells and virus-infected cells.  Decreased NK cytotoxicity is associated with impaired immune surveillance, and may explain a predisposition to malignancies and viral infections."  (AR 518.)

Contrary to Plaintiff's contention, the ALJ did properly assess the relevant evidence for this impairment.  During the hearing, Plaintiff testified that she no longer has natural killer cell deficiency because "I've been taking some supplements that brought it up, back to normal."  (AR 54.)  The ALJ expressly noted this testimony before excluding natural killer cell deficiency as a severe impairment.  (AR 19.)  Significantly, Plaintiff's testimony was consistent with the medical evidence, which showed that Plaintiff's natural killer cell function value was within the range of "normal activity."  (AR 518.)  Given this evidence, the ALJ's assessment was not erroneous.  *See Warre v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits.") (citing *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (affirming a denial of benefits and noting that the claimant's impairments were responsive to medication)).

1  Although Plaintiff contends that this condition "waxes and wanes" (Joint

2  Stip. at 8), she has pointed to no evidence that her functioning has worsened

3  because of natural killer cell deficiency, such that it would undermine her own

4  testimony about being "back to normal" or the medical evidence showing her cells

5  within the range of "normal activity."  Thus, Plaintiff has not met her "burden of

6  proving that [this impairment] or [its] symptoms affect [her] ability to perform

7  basic work activities."  *See Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir.

8  2001) (citations omitted).

9

10  **B.    Migraine Headaches.**

11  Plaintiff next contends that the ALJ did not properly assess her migraine

12  headaches ("migraines").  (Joint Stip. at 4.)  Plaintiff contends that the ALJ's

13  assessment was deficient in light of (1) the opinion of Plaintiff's treating physician,

14  Dr. Laufer, about Plaintiff's migraines; and (2) Plaintiff's MRI from October 2018,

15  which showed sequelae of "chronic migraines."  (*Id*. at 5-6.)

16  Contrary to Plaintiff's contention, the ALJ did properly assess the relevant

17  evidence of Plaintiff's migraines.  In the section of the ALJ's decision discussing

18  severe impairments, the ALJ found multiple inconsistencies in Plaintiff's testimony

19  about the effects of her migraines before excluding migraines as a severe

20  impairment.  (AR 19.)  Thus, the ALJ properly "consider[ed] [Plaintiff's] subjective

21  symptoms in making the severity determination."  *See Smolen*, 80 F.3d at 1290.

22  Because Plaintiff does not challenge any of these inconsistencies, her argument is

23  waived.  *See United States v. Loya*, 807 F.2d 1483, 1487 (9th Cir. 1987) ("Issues

24  raised in a brief which are not supported by argument are deemed abandoned.").

25  Moreover, the ALJ's assessment of Plaintiff's migraines was not undermined

26  by either Dr. Laufer's opinion or the October 2018 MRI.  (Joint Stip. at 5-6.)  First,

27  as to Dr. Laufer's opinion (AR 462-76), the ALJ thoroughly discussed it and gave it

28  "limited weight" (AR 24).  Although Plaintiff suggests that Dr. Laufer's opinion

was "unrebutted" (Joint Stip. at 6), Dr. Laufer's opinion was, to the contrary, inconsistent with the opinions of an examining physician (AR 290-95) and two state agency physicians (AR 78, 97-98).  Thus, in order to afford little weight to that opinion, the ALJ was required to give only specific and legitimate reasons supported by substantial evidence.  *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

The ALJ gave several reasons to afford little weight to Dr. Laufer's opinion about Plaintiff's migraines.  (AR 24-25.)  The ALJ found that Dr. Laufer acknowledged Plaintiff's symptoms were "self-reported and provided no medical signs or objective findings to support [Plaintiff's] symptoms"; that Dr. Laufer's opinion was "internally inconsistent" about Plaintiff's physical abilities; that the limitations Dr. Laufer found were "greater than expected in light of the routine examinations every two to three months and conservative treatment with medication"; and that Dr. Laufer's opinion was inconsistent with evidence of Plaintiff's activities, such as traveling and daily activities.  (*Id*.)  Because Plaintiff does not purport, under any legal standard, to challenge these reasons, this argument is waived.  *See Loya*, 807 F.2d at 1487.  Thus, Dr. Laufer's opinion does not warrant reversal of the ALJ's decision.

Second, as to the October 2018 MRI showing sequelae of chronic migraines, this evidence was presented for the first time to the Appeals Council.  (AR 2, 33-34.)  It did not, however, render the ALJ's decision unsupported by substantial evidence.  *See Brewes v. Commissioner of Social Sec. Admin*., 682 F.3d 1157, 1160 (9th Cir. 2012).  Although the MRI possibly could have undermined the ALJ's finding that Dr. Laufer's opinion was objectively unsupported (AR 24), the ALJ gave other specific and legitimate reasons listed above, which had nothing to do with the MRI and which Plaintiff does not challenge, to reject Dr. Laufer's opinion.  Thus, the MRI did not invalidate the ALJ's assessment, on the whole, of Dr. Laufer's opinion.  *Cf. Gardner v. Berryhill*, 856 F.3d 652, 657 (9th Cir. 2017)

1  (ALJ's analysis of a treating physician's opinion could not stand where evidence

2  presented for the first time to the Appeals Council invalidated the ALJ's sole reason

3  to reject that opinion, because "the ALJ gave no other 'specific and legitimate'

4  reason for disregarding it").

5       Moreover, the MRI said nothing about the only question raised by Plaintiff's

6  migraines, which is what limitations, if any, Plaintiff suffered because of them.  *See*

7  *Buck*, 869 F.3d at 1049.  The MRI had no accompanying explanation that would be

8  relevant to that question.  Without an explanation, the MRI did not directly

9  undermine the ALJ's RFC analysis.  *See Decker v. Berryhill*, 856 F.3d 659, 665

10  (9th Cir. 2017) (evidence presented to the first time to the Appeals Council that

11  "directly undermined" the ALJ's analysis would warrant a remand, but a laboratory

12  report only showing abnormalities, without an accompanying explanation of the

13  significance of the abnormalities, did not inevitably require a different result from

14  that reached by the ALJ).  Moreover, given that the ALJ's RFC determination, for

15  sedentary work with additional limitations (AR 23), was highly restrictive and

16  accommodating to Plaintiff, the full record gives the Court no basis not to defer to

17  the ALJ's RFC determination.  *See Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir.

18  2020) ("Our review of an ALJ's fact-finding for substantial evidence is deferential,

19  and "[t]he threshold for such evidentiary sufficiency is not high.") (quoting *Biestek*

20  *v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)); *see also Coleman v. Colvin*, 524 F.

21  App'x 325, 326 (9th Cir. 2013) (new evidence presented to the Appeals Council did

22  not render the ALJ's decision unsupported by substantial evidence, in part because

23  it did not call into question the ALJ's RFC determination).  Thus, the October 2018

24  MRI does not warrant reversal of the ALJ's decision.

25  ///

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

It is ordered that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED:  November 23, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE